USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_3/31/26_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VERITEC, INC., | **25-cv-5468 (VM)** |
| Plaintiff, | **DECISION AND ORDER** |
| - against - | |
| MAXOR NATIONAL PHARMACY SERVICES CORP., | |
| Defendant. | |

**VICTOR MARRERO, United States District Judge.**

Plaintiff Veritec, Inc. ("Veritec") brings this action against defendant Maxor National Pharmacy Services Corporation ("Maxor"). In its Complaint ("Compl.," Dkt. No. 1), Veritec alleges that Maxor breached the Master Services Agreement (the "Agreement") between the two parties by failing to pay Veritec for its services under the Agreement. Veritec additionally alleges a claim for unjust enrichment on the same basis. Now before the Court is Maxor's motion to dismiss Veritec's Complaint. (See Dkt. No. 28.) For the reasons stated below, Veritec has sufficiently alleged its breach of contract claim but not its unjust enrichment claim. Accordingly, Maxor's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

On December 30, 2009, Maxor entered into a Master Services Agreement with Tangible Software ("Tangible"), a

software company. (See Compl. ¶ 8.) Under the terms of the Agreement, Tangible was to provide Maxor with electronic payment processing services, and other related services, in exchange for compensation. (See "Agreement," Dkt. No. 1-1 at ¶¶ 1.2, 2.1, 2.2, 6.1.) A section of the Agreement, titled Schedule B, provided that Tangible would "issue invoices to [Maxor] monthly in arrears" for fees for its services. (See "Schedule B," Dkt. No. 1-1 at 9.)

On September 30, 2014, Veritec entered into an asset purchase agreement with Tangible pursuant to which it became the "owner" of the Agreement with Maxor. (Compl. ¶ 11; see Dkt. Nos. 1-3, 1-4, 1-5.) Veritec then began providing Maxor with payment processing services under the Agreement. (See Compl. ¶ 15.)

On July 1, 2025, Veritec filed this action, alleging that Maxor had failed to pay for Veritec's services under the Agreement from July 1, 2019, to June 30, 2024. (See id. ¶ 17.) Veritec alleges that Maxor is liable to it in the amount of $1,124,286.50, which represents the fees for its services performed during that period. (See id. ¶ 2.)

In its Complaint, Veritec originally asserted claims for breach of contract, unjust enrichment, and account stated. (See id. ¶¶ 12-29.) By letters dated September 18, 2025, and September 22, 2025, Veritec consented to dismissal of its

2

account stated claim. (See Dkt. Nos. 19, 22.) The Court therefore dismissed the account stated claim on September 23, 2025. (See Dkt. No. 23.) On October 31, 2025, Maxor filed this motion to dismiss. (See Dkt. No. 28; "Mem.," Dkt. No. 29.) Veritec filed its opposition on November 13, 2025. (See "Opp'n," Dkt. No. 30.) On November 21, 2025, Maxor filed its reply. (Dkt No. 33.)

## II.  <u>LEGAL STANDARD</u>

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (internal quotation marks and citation omitted). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> In deciding a Rule 12(b)(6) motion, the court draws all reasonable inferences in favor of the non-moving party. <u>See</u> <u>N.J. Carpenters Health</u>

Fund v. Royal Bank of Scotland Grp., PLC, 709 F.3d 109, 119 (2d Cir. 2013) (citation omitted).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider the allegations in the complaint as well as "any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

### III.  DISCUSSION

A.    BREACH OF CONTRACT

To state a claim for breach of contract under New York law, a plaintiff must plead: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc., 837 F. Supp. 2d 162, 188-89 (S.D.N.Y. 2011) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996)).[1]

Read in the light most favorable to Veritec, the Complaint — albeit sparse — adequately pleads Veritec's claim

---

[1] The Court finds that New York law applies to this dispute as the Agreement includes a choice-of-law clause selecting New York law, (see Agreement ¶ 12.7), and both parties rely exclusively on New York law in their briefing, see Chau v. Lewis, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law.").

4

for breach of contract. The Complaint alleges that Tangible, whose assets Veritec has since purchased, entered into a contract with Maxor, the Master Services Agreement, under which Tangible was to provide Maxor with electronic payment processing and related services in exchange for compensation. (See Compl. ¶¶ 8-11; Agreement ¶¶ 1.2, 2.1, 2.2, 6.1.) That Agreement is attached to the Complaint. (See Agreement.) Veritec further alleges that it provided services consistent with the terms of the Agreement. (See Compl. ¶ 15.) Additionally, Veritec alleges that Maxor breached the Agreement by failing to pay Veritec for its services, as required by the Agreement, resulting in over a million dollars in damages to Veritec in the form of lost fees. (See id. ¶¶ 17-19.) Those allegations state a claim for breach of contract.

Maxor nevertheless argues that Veritec's breach of contract claim should be dismissed. Maxor puts forth three bases for dismissal: 1) Veritec fails to plead the Agreement provisions that Maxor is alleged to have violated; 2) Veritec fails to plead its own performance under the Agreement; and 3) Veritec's claim is barred by the doctrine of waiver. The Court addresses each argument in turn, finding none of them sufficient to warrant dismissal of Veritec's claim. (See Mem. at 4-8.)

1.  Veritec Has Adequately Alleged the Basis of Liability

Maxor first argues that the Complaint fails to provide the provisions of the Agreement that Veritec alleges were breached. (See Mem. at 4-5.) A complaint in a breach of contract action must "set forth the terms of the agreement upon which liability is predicated." Laufer Grp. Int'l, Ltd. v. Standard Furniture Mfg. Co., LLC, No. 19-CV-10885, 2020 WL 4735123, at *5 (S.D.N.Y. Aug. 14, 2020) (internal quotation marks omitted). That requirement may be satisfied "either by express reference or by attaching a copy of the contract." Window Headquarters, Inc. v. MAI Basic Four, Inc., No. 91-CV-1816, 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993) (quoting Chyrsler Capital Corp. v. Hilltop Egg Farms, Inc., 514 N.Y.S.2d 1002, 1003 (3d Dep't 1987).

Veritec has adequately set forth the terms of the Agreement it alleges were breached. The Complaint alleges the existence of the Master Services Agreement and that Veritec provided services pursuant to that Agreement. (See Compl. ¶¶ 13-15.) Additionally, Veritec attached a copy of the Agreement to the Complaint. (See Agreement.) The Agreement sets out the services to be provided by Veritec and Maxor's obligation to pay. (See Agreement ¶¶ 1.2, 2.1, 2.2, 6.1; Schedule B.) The allegations in the Complaint in combination

with the attached Agreement are sufficient to state a breach of contract claim. See generally Laufer, 2020 WL 4735123, at *5 ("[C]ourts have generally recognized that relatively simple allegations will suffice to plead a breach of contract claim even post-Twombly and Iqbal." (internal quotation marks omitted)).

2.    Veritec Has Adequately Alleged Its Performance

Maxor next argues that Veritec fails to plead its own adequate performance under the Agreement. As discussed, Veritec alleges it performed the services required under the Agreement. (See Compl. ¶ 15; Agreement ¶¶ 1.2, 2.1, 2.2.) Nevertheless, Maxor argues that "predicate to any payment obligation by Maxor is the antecedent obligation of Veritec . . . to issue invoices monthly" for its services performed under the Agreement. (Mem. at 5.) Therefore, Maxor argues, because Veritec does not allege that it issued monthly invoices for its services during the period at issue, Veritec has not established that Maxor had any duty to pay for Veritec's services. (See Mem. at 6.) In essence, Maxor's argument is that Veritec's issuing of invoices was a condition precedent to Maxor's duty to pay: absent Veritec issuing an invoice, Maxor was not obligated to pay for Veritec's services.

A condition precedent is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." Parlux Fragrances, LLC v. S. Carter Enters., LLC, 164 N.Y.S.3d 108, 119 (3d Dep't 2022) (quoting Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co., 660 N.E.2d 415, 418 (N.Y. 1995)). But condition precedents are not so easily created under New York contract law. New York courts interpret contracts to establish a condition precedent only when the contracts "employ[] the unmistakable language of condition ('if,' 'unless and until')." Oppenheimer, 660 N.E.2d at 418; see also Parlux Fragrances, 164 N.Y.S.3d at 119 (stating that the creation of a condition precedent requires "traditional unmistakable forms of conditional language (e.g., 'if,' 'unless and until,' 'null and void') demonstrating that plaintiffs' provision of a product development plan was an express condition to defendants' obligations").

The Agreement provides that "fees and charges" for Veritec's services are "due and payable in accordance with the payment schedule specified" in Schedule B to the Agreement. (Agreement ¶ 6.1.) Schedule B in turn provides that Veritec "will issue invoices to [Maxor] monthly in arrears for all . . . fees." (Schedule B at 1.) Schedule B further states that the invoices "will be submitted to [Maxor]

8

. . . within ten (10) business days of each calendar month" and that Maxor agrees to pay Veritec "the full amount defined in the invoice within 30 days." (Id.)

Neither the Agreement nor Schedule B contain the "unmistakable language of condition" sufficient to render Veritec's issuing of invoices a condition precedent to Maxor's duty to pay. Oppenheimer, 660 N.E.2d at 418. The language in Schedule B that Veritec "will" issue invoices is consistent with a contractual promise, rather than a condition precedent. See Parlux Fragrances, 164 N.Y.S.3d at 119 (finding that a contract's use of the term "shall" created a contractual promise rather than a condition precedent); VXI Lux Holdco S.A.R.L. v. SIC Holdings, LLC, 98 N.Y.S.3d 1, 6 (1st Dep't 2019) (same). The Agreement therefore does not make Maxor's duty to pay contingent on Veritec's issuance of invoices. Accord Gramercy Holdings I, LLC v. Matec S.R.L., No. 20-CV-3937, 2023 WL 5917624, at *49 n.45 (S.D.N.Y. Sept. 11, 2023) (rejecting argument that plaintiff's issuing invoices was a condition precedent to defendant's duty to pay). Accordingly, Veritec's failure to allege it issued invoices does not undermine the Complaint's otherwise sufficient allegations of performance adequate to trigger Maxor's duty to pay.

3.    <u>Veritec's Claim Is Not Barred by Waiver</u>

Finally, Maxor argues that, by continuing to provide its services without demanding payment during the relevant period, Veritec "waived any right it may have had to receive payment for [those] services." (Mem. at 7–8.) "Waiver is the voluntary abandonment or relinquishment of a known right." <u>Excel Graphics Techs., Inc. v. CFG/AGSCB 75 Ninth Ave., L.L.C.</u>, 767 N.Y.S.2d 99, 103 (1st Dep't 2003). Waiver of a contractual right "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage." <u>Gen. Motors Acceptance Corp. v. Clifton-Fine Cent. Sch. Dist.</u>, 647 N.E.2d 1329, 1331 (N.Y. 1995). Under New York law, waiver of a contractual provision is generally a question of fact and not decided on a motion to dismiss. <u>See</u> <u>CreditSights, Inc. v. Ciasullo</u>, No. 05-CV-9345, 2007 WL 943352, at *9 (S.D.N.Y. Mar. 29, 2007); <u>Fundamental Portfolio Advisors, Inc. v. Tocqueville Asset Mgmt., L.P.</u>, 850 N.E.2d 653, 658 (N.Y. 2006) ("Generally, the existence of an intent to forgo such a right is a question of fact."). "The only exception to this rule is where 'waiver is clear on the face of the complaint,' in which case the plaintiff's waiver can be determined as a matter of law." <u>Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.</u>, No. 11-CV-2589, 2012 WL 4474587, at *3 (S.D.N.Y. Sept. 28, 2012)

10

(quoting Schonberger v. Serchuk, 742 F. Supp. 108, 114 (S.D.N.Y. 1990)).

The allegations in the Complaint do not support Maxor's waiver argument. It is not clear at this stage when Veritec discovered Maxor's failure to pay for its services. See Mitchell v. Planned Parenthood of Greater New York, Inc., No. 23-CV-01932, 2026 WL 18897, at *6 (S.D.N.Y. Jan. 2, 2026) (declining to dismiss based on waiver where allegations did not support a finding that the plaintiff had "actual knowledge" of the defendant's breach). The allegations do not demonstrate that Veritec had a clear intent to waive payment, and Maxor offers no reason as to why Veritec would elect to provide its services for free. Instead, Veritec's failure to invoice for its services is more consistent with "mere silence, oversight or thoughtlessness in failing to object," which do not give rise to waiver, than with intentional conduct. Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 585 (2d Cir. 2006) (quoting Courtney-Clarke v. Rizzoli Int'l Publ'ns, Inc., 676 N.Y.S.2d 529, 529 (1st Dep't 1998)). Dismissal on the basis of waiver is therefore inappropriate at this stage.

B.   UNJUST ENRICHMENT

Veritec's unjust enrichment claim is properly dismissed. Unjust enrichment is a "a New York common law quasi-contract

11

cause of action requiring the plaintiff to establish: '(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" Myun-Uk Choi v. Tower Research Capital LLC, 890 F.3d 60, 69 (2d Cir. 2018) (quoting Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000)). "[A] party may not recover in . . . unjust enrichment where the parties have entered into a contract that governs the subject matter" of the unjust enrichment claim. Cox v. NAP Const. Co., 891 N.E.2d 271, 278 (N.Y. 2008). Veritec's unjust enrichment claim is based on the same conduct that underlies its breach of contract claim — conduct which falls within the scope of the Agreement. Veritec's unjust enrichment claim is therefore barred.

Veritec argues that its unjust enrichment claim should not be dismissed because it is pleaded in the alternative to its breach of contract claim. (See Opp'n at 9.) But a plaintiff can plead unjust enrichment as an alternative to a breach of contract claim "only if there is 'a bona fide dispute concerning [the] existence of a contract or whether the contract covers the dispute in issue.'" MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP, 43 F. Supp. 3d 309, 317 (S.D.N.Y. 2014) (quoting Fantozzi v. Axsys Techs., Inc., No. 07-CV-02667, 2008 WL 4866054, at *7 (S.D.N.Y. Nov. 6, 2008)). There is no dispute as to the existence or validity of the

12

Agreement. Maxor has stipulated to the validity of the Agreement. (See Mem. at 9.) Nor is there any dispute as to whether the contract covers the subject of Veritec's unjust enrichment claim: the exchange of Veritec's services for compensation by Maxor is at the heart of the Agreement. Accordingly, Veritec's unjust enrichment claim is dismissed.

## IV.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 28) of defendant Maxor National Pharmacy Services Corporation ("Maxor") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint (Dkt. No. 1) filed by plaintiff Veritec, Inc. ("Veritec") is **GRANTED IN PART** and **DENIED IN PART**. Maxor's motion is denied as to Veritec's breach of contract claim. Maxor's motion is granted as to Veritec's unjust enrichment claim. That claim is therefore **DISMISSED**.

It is further **ORDERED** that Maxor shall file an answer to the remaining claim of breach of contract within twenty-one (21) days of the date of this Decision and Order.

**SO ORDERED.**

Dated:    31 March 2026
          New York, New York

_____
          Victor Marrero
          U.S.D.J.